The opinion of the Court was delivered by
Pociié, J.
The defendant, road inspector, having proceeded under the road laws of the Parish of Terrebonne to advertise for sale the work to be done on the public road contiguous to plaintiff’s lands, by reason of the latter’s refusal to do the work necessary on his road, he was enjoined by plaintiff, who urges that the road laws of Terrebonne Parish, under which proprietors of lands are required to make and repair, at their expense, the roads in front of their property, are in conflict with the road laws of the State, which provide that the making and repairing of the public roads should be made by the labor of able bodied men of the parish, under the control of road overseers to be appointed by the police juries, and that such parochial laws virtually operate as a tax on his property, on which a tax of ten mills had already been imposed by the police jury, and are, therefore, violative of Art. 209 of the present Constitution.
The road inspector and the police jury filed a general denial, and a special defense, admitting the acts complained of and maintaining the legality and constitutionality of the parochial ordinances relative to public roads. They also filed .a plea in reoonvention for a fine of $120 *363 against.plaintiff, under a provision of tlie parish road laws. Plaintiff has appealed from the judgment of the District Court, which dissolved his injunction, and condemned him to pay a fine of forty dollars and all costs.
There is no contest as to the regularity of the road inspector’s proceedings, or of the correctness of the judgment under the parish road laws, and the contention hinges solely on the following questions :
1. Whether the State laws relative to public roads, authorize the police juries to establish any other system for making and repairing public roads than the labor system.
2. Whether the burden imposed on land owners by the parochial road laws is a tax, within the meaning of the Constitution, in its limitation of the municipal taxing power.
1. In the history of State legislation on the subject of public roads, it appears that two distinct systems have been successively provided for in this State; under one of the systems, the landed owners were required to make and repair, at their own expense, the public roads in front of, or contiguous to, their landed property; and under the other, the work on public roads was to be done by the able bodied men of the parish, under the control of road overseers appointed by the police juries.
Under the legislation of 1829, both systems were recognized; one, the proprietor’s, being confined to roads situated on rivers and other navigable streams, and the other, the labor system, to all other roads.
By Act No. 146 of 1858, the whole subject matter was left to the control of police juries, who were granted full power to pass all such ordinances as they may deem necessary, relative to roads, bridges and ditches, and to enforce their ordinances by fine and imprisonment.
Tlie provisions of this Act are incorporated in Section 3364 of the Revised Statutes of 1870, and clearly indicate the intention of tlie legislature to wisely entrust such regulations to the local authorities of the parishes.
As this was the last expression of legislative will on the subject, it would appear beyond a doubt that the police juries were endowed with plenary powers in the regulation of public roads, and that the State enforced no system of its own, either the “proprietors ” or the “ labor ” system, touching the making and repairing of public roads.
And tlie whole difficulty in this case arises from the unaccountable fact that the compilers of the Revised Statutes of 1870, after incorporating at the head of the chapter or subject of “ Roads,” the legislation of 1858, under which the whole matter had been relegated to the police juries, proceeded to incorporate in the same chapter, in Section 3373, the provisions of the legislation of 1818, which had established, as a *364 State system, the manner of making and repairing' public roads by the labor of the able bodied men of the parishes.
And plaintiff contends that Act No. 112 of 1880, which is entitled “An Act to amend and re-enact Section 3873 of the Revised Statutes of 1870, relative to public roads,” has had for effect to repeal and abrogate all other laws of the State relative to public roads, and has re-established the “labor system,” for making and repairing such roads.
This Act amends Section 3373 in three particulars, but it cannot be construed as giving to the amended section any greater general powers than it hitherto contained or conferred.
Hence, we cannot adopt plaintiff’s theory that it is the last expression of legislative will on the subject of public roads in the sense which he contends for. The Act contains no repealing clause, and hence it does not abrogate other laws existing- on the Statute books on the same subject matter.
As it only amends Section 3373, in some unimportant details, and is passed with special reference to the Revised Statutes which contain the legislation of 1858, conferring full authority to police juries touching public roads, it cannot be construed to indicate an intention on the part of the legislature to establish a peculiar State system on the subject of public roads.
With the exception of these unimportant amendments, this Act leaves the legislation of the State on the subject of public roads, in precisely the same condition which characterized it in the Revised Statutes of 1870, which apparently contain two dissimilar systems on the subject matter.
Plaintiff concedes that, under his construction of those Statutes, containing provisions apparently conflicting, the two systems recognized are of equal dignity, and that, therefore, the present road laws of Terrebonne Parish are not in conflict with the State legislation, unless they be so made under his construction of Act 112 of 1880, which wo have shown as not imparting such a construction.
A careful reading- of the various Sections of the Revised Statutes of 1870, on the subject of roads, satisfies our minds that the effect of all that legislation is to relegate to the police juries the full and exclusivo power to establish such system of road laws as to them may appear necessary or more convenient, and that the object and effect of Section 3373 was to specially regulate the powers of such of the police juries as would adopt the labor system, and to give them ample power to enforce their system by fines.
Such was the conclusion reached by our immediate predecessors, who held, that Section 3364 of the Revised Statutes, incorporating the provisions of the legislation of 1858, under which police juries were *365 clothed with plenary power in the premises, was the law of the State regulating the subject matter of public roads. 30 A. 1092, St. Martin vs. Delahoussaye.
Tn tlie case of St. Landry vs. Stout, 32 A. 1278, the present Court recognized the power of police juries to enact and enforce ordinances touching the manner of making and repairing public roads.
We are, therefore, clear in our conclusion, that under the laws of the State, police juries are clothed with full, plenary and exclusive power to regulate by ordinances tlie manner of making and repairing public roads in tlieir respective parishes, and that, therefore, the ordinances of the Police Jury of the Parish of Terrebonne on this subject, are legal and binding.
2. Tlie argument that the police jury, having exhausted its taxing power under the Constitutional limitation, is inhibited from imposing tlie additional burden of road repairing, is evidently not serious, and is refuted by a mere statement of the proposition.
The taxing power of a municipal corporation is as distinct from its power to regulate tlie manner of making and repairing public roads, and to enforce its ordinances by fine or imprisonment, as it is distinct from the power of such corporations to enforce any police regulations. A tine for dereliction of duty is not more a tax than an imprisonment for the violation of a police regulation.
We find no error in the judgment appealed from; it is, therefore, affirmed at appellant’s costs.